Idelfonso CARDELLE, Plaintiff–
Appellant,

v.

MIAMI–DADE COUNTY, Through Its
Department, MIAMI–DADE POLICE
DEPARTMENT, Chief J.D. Patterson,
Jr., Unknown Police Officer, J.D. Pat-
terson, Miami–Dade Police Director,
Defendants–Appellees.

No. 14–14580
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 14, 2015.

Idelfonso Cardelle, Miami, FL, pro se.

Lauren Morse, Miami, FL, for Defen-
dants–Appellees.

Before MARCUS, MARTIN and
JULIE CARNES, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellant Idelfonso Car-
delle appeals from the district court's dis-
missal of his civil rights action brought
pursuant to 42 U.S.C. § 1983, against Mia-
mi–Dade County ("the County"), the Mia-
mi–Dade Police Department ("MDPD"),
and Miami–Dade Police Department Di-
rector J.D. Patterson (collectively "MDC").
On appeal, Cardelle challenges the district
court's conclusions that: (1) his amended
complaint was untimely and barred by res
judicata; and (2) allowing him to amend
his complaint a second time would have
been futile. After thorough review, we
affirm.

We review *de novo* the district court's
grant of a Fed.R.Civ.P. 12(b)(6) motion to
dismiss for failure to state a claim, accept-
ing the allegations in the complaint as true
and construing them in the light most fa-
vorable to the plaintiff. *Fuller v. Sun-
Trust Banks, Inc.,* 744 F.3d 685, 687 n. 1
(11th Cir.2014). We also review *de novo*
the district court's interpretation and ap-
plication of the statute of limitations, *Ctr.
for Biological Diversity v. Hamilton,* 453
F.3d 1331, 1334 (11th Cir.2006), and its
application of res judicata, *Griswold v.
Cnty. of Hillsborough,* 598 F.3d 1289, 1292
(11th Cir.2010). We review a district
court's denial of a motion to amend for
abuse of discretion, but review *de novo* the
underlying legal conclusion of whether
amendment would have been futile. *Cor-
sello v. Lincare, Inc.,* 428 F.3d 1008, 1012
(11th Cir.2005).

First, we are unpersuaded by Cardelle's
argument that the district court erred in
dismissing his complaint on statute-of-limi-
tations grounds. Section 1983 claims are
subject to the statute of limitations govern-
ing personal injury actions in the state in
which the action was brought. *DeYoung
v. Owens,* 646 F.3d 1319, 1324 (11th Cir.
2011). In Florida, the applicable limita-
tions period is four years. *Chappell v.
Rich,* 340 F.3d 1279, 1283 (11th Cir.2003).
The limitations period does not begin to
run until "the plaintiffs know or should
know (1) that they have suffered the injury
that forms the basis of their complaint and
(2) who has inflicted the injury." *Id.*

The district court properly dismissed
the complaint in this case as time-barred.
As Cardelle admits, he knew of the forfei-
ture action when he was subpoenaed in
December 2008. Thus, he had until De-
cember 2012 to file his complaint, and the
instant complaint, filed in 2014, is untime-
ly. Nor is there any merit to Cardelle's
argument that the instant federal com-
plaint should relate back to the state com-

plaint he filed in 2012. Although the Federal Rules of Civil Procedure allow for relating back of an amended complaint in limited circumstances, none of those circumstances are present here. *See* Fed. R.Civ.P. 15(c)(1)(B) (permitting a complaint to relate back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). Indeed, Cardelle cites nothing to support the proposition that an untimely complaint in an newly-filed *federal* case can relate back to a timely complaint in an earlier *state* case.

We also reject Cardelle's claim that the district court abused its discretion by not allowing him to amend the complaint before dismissing it. Generally, where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice. *See Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n. 1 (11th Cir.2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). But the district court need not grant leave to amend "where amendment would be futile." *Corsello,* 428 F.3d at 1014 (quotation omitted).

Here, the district court did not abuse its discretion by dismissing the amended complaint without allowing further amendments. The second amended complaint merely changed a party name and, by Cardelle's own admission, made no substantive changes to the allegations. This change would have done nothing to avoid the statute of limitations bar.

**AFFIRMED.**